## Northwestern University, Defendant in Error, v. John Hughes, Plaintiff in Error.

### Gen. No. 18,551.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph Sabath, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 20, 1913.

### Statement of the Case.

Action of forcible detainer by Northwestern University, a corporation, against John Hughes to recover possession of leased property. From a judgment of possession for plaintiff, defendant brings error.

Montgomery, Hart & Smith, for plaintiff in error.

F. L. Salisbury and M. Marso, for defendant in error.

Mr. Justice Fitch delivered the opinion of the court.

### Abstract of the Decision.

1. Landlord and tenant, § 94*—*when occupant under voidable lease is tenant from month to month.* A tenant entering into possession and paying rent monthly under a lease voidable under the statute of frauds is a tenant from month to month and is entitled to a thirty days' notice to quit.

2. Landlord and tenant, § 503*—*when verdict for possession may be directed.* Where it appears in an action of forcible detainer that the occupant is in possession under a lease voidable under the statute of frauds and is a tenant from month to month and thirty days' notice has been given, the question is one of law and a verdict for the plaintiff may be directed.

3. Frauds, statute of, § 96*—*When part performance of invalid contract will not avoid statute.* Where a written lease under seal for five years is signed by the lessor's agent, having only verbal authority, receipt of rent by the lessor amounts to nothing more

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

than a partial performance of a contract invalid under the statute of frauds, which will not, in a court of law, avoid the statute.

4. FRAUDS, STATUTE OF, § 41*—*when want of authority of agent will not prevent recovery of leased property.* In the absence of any fiduciary relations between parties, neglect to notify a tenant that the agent of landlord had no written authority to execute a lease for five years is not a fraud, and coupled with the fact that the lessor supposed the lease was for one or two years will not support a contention that to permit a recovery of the possession of the premises, after thirty days' notice to the tenant as a monthly tenant under an invalid lease, permits the statute of frauds to be used to perpetrate a fraud.

5. PRINCIPAL AND AGENT, § 102*—*duty to ascertain agent's authority to sign a lease.* Party dealing with an agent of a lessor is bound to take notice that the agent's authority to sign lessor's name to a lease for five years must be in writing.

MR. JUSTICE GRIDLEY took no part in the decision of this case.